No. 15-4116

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Appellee,*

v.

MAUREEN G. MCDONNELL,

*Defendant-Appellant.*

**On Appeal from the United States District Court for the Eastern District of Virginia, Richmond Division, James R. Spencer, District Judge**

# APPELLANT MAUREEN G. MCDONNELL'S MOTION FOR ABEYANCE

Randy D. Singer
Rosalyn K. Singer
Kevin A. Hoffman
SINGER LEGAL GROUP LLC
1209A Laskin Road
Virginia Beach, VA 23451
Telephone: (757) 301-9995
Facsimile: (757) 233-1084

William A. Burck
   *Counsel of Record*
Stephen M. Hauss
Daniel R. Koffmann
QUINN EMANUEL URQUHART
& SULLIVAN LLP
777 6th Street NW, 11th Floor
Washington, D.C. 20001
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
williamburck@quinnemanuel.com

*Counsel for Maureen G. McDonnell*

Appellant Maureen McDonnell moves this Court, pursuant to Local Rule of Appellate Procedure 12(d), to place this case in abeyance pending the disposition of her husband's companion case by the United States Supreme Court.[1] Mrs. McDonnell respectfully requests that the abeyance terminate if the Supreme Court denies Governor McDonnell's petition for certiorari or, if the Court grants review, when the Court issues final judgment.

As Mrs. McDonnell has noted on several prior occasions, her appeal involves both (1) issues raised and addressed by this Court in the companion case of *United States v. Robert F. McDonnell*, 792 F.3d 478 (4th Cir. 2015); and (2) issues unique to Mrs. McDonnell, particularly in her status as a non-public official. Given the Supreme Court's grant of a stay of this Court's mandate pending review in *United States v. Robert F. McDonnell*, an action that required "a reasonable probability that [the Supreme Court] would grant certiorari," *Maryland v. King,* 133 S.Ct. 1, 2 (2012) (Roberts, C.J., in chambers), placing this case in abeyance would serve judicial economy. More particularly, abeyance would avoid the possibility of this Court ruling on issues in Mrs. McDonnell's appeal that might be mooted or require rehearing if the Supreme Court grants Governor McDonnell's petition. Abeyance would not unreasonably prolong this appeal so long as it

---

[1] Pursuant to Local Rule of Appellate Procedure 27(a), Counsel has consulted with the Government and informed them of the intent to file this motion. The Government has indicated that it opposes this motion and intends to file a response in opposition.

terminates at the earlier of the Supreme Court's rejection of the petition for certiorari in the companion case or after a final judgment if review is granted.

## PROCEDURAL HISTORY

Mrs. McDonnell and her husband, former Governor Robert McDonnell, were indicted on January 21, 2014, and were tried together. Mrs. McDonnell was eventually convicted of multiple conspiracy and corruption charges.[2] XI J.A. 7710-13. Although Mrs. McDonnell's sentencing was originally scheduled for the same day as her husband's, the district court granted a delay in the sentencing due to a scheduling conflict.

Following his sentencing, Governor McDonnell appealed and this Court granted bond pending appeal and ordered an expedited briefing schedule. Order Granting Motion for Bond Pending Appeal, *United States v. McDonnell*, No. 15-4019, ECF No. 39 (4th Cir. Jan. 26, 2015); Briefing Order, *United States v. McDonnell*, No. 15-4019, ECF No. 41 (4th Cir. Jan. 26, 2015).

Following Mrs. McDonnell's sentencing on February 20, 2015, she also noted her appeal. Due to the expedited schedule for Governor McDonnell, this Court decided his case on July 10, 2015, more than three months prior to the oral argument presently scheduled for Mrs. McDonnell on October 29, 2015. *See*

---

[2] Mrs. McDonnell was also convicted of obstruction of justice, but the district court subsequently dismissed that count as unsupported by the evidence. XIII J.A. 8159-67.

*United States v. McDonnell*, 792 F.3d 478 (4th Cir. 2015); Case Calendared for Argument, *United States v. McDonnell*, No. 15-4116, ECF No. 42 (4th Cir. Aug. 19, 2015).

After this Court's decision in Governor McDonnell's case and the denial of his petition for a rehearing or rehearing *en banc*, he asked this Court to stay its mandate pending resolution of his petition for certiorari at the Supreme Court. Defendant-Appellant's Motion to Clarify Order Granting Release Pending Appeal or, in the Alternative, to Stay the Mandate Pending Resolution of a Petition for Certiorari, *United States v. McDonnell*, No. 15-4019, ECF No. 132 (4th Cir. Aug. 15, 2015). That motion was also denied. Order, *United States v. McDonnell*, No. 15-4019, ECF No. 139 (4th Cir. Aug. 20, 2015).

Next, Governor McDonnell filed an Emergency Application to Stay Mandate or, in the Alternative, for Release on Bail Pending Disposition of Certiorari Petition with the Supreme Court. On August 31, 2015, the Supreme Court granted the application for stay of the mandate. Order, *McDonnell v. United States*, August 31, 2015 (No. 15A218).

Currently, Mrs. McDonnell's case is scheduled for oral argument before this Court on October 29, 2015.

# ARGUMENT

This Court has discretion, pursuant to Local Rule 12(d), to place a case in abeyance pending disposition of matters before this Court or other courts which may affect the ultimate resolution of this appeal. Abeyance is appropriate where, as here, there is a reasonable probability that the Supreme Court will review a companion case that would resolve certain issues in this case and clarify others. Accordingly, Mrs. McDonnell respectfully suggests that abeyance for a reasonably short time would be appropriate.

### A. The Supreme Court's Order Granting A Stay Of This Court's Mandate Evinces A "Reasonable Probability" That The Supreme Court Will Grant Certiorari.

As noted above, subsequent to this Court's ruling in Governor McDonnell's case, he applied to the Supreme Court for an emergency stay of this Court's mandate. The test for granting that stay was whether there was "(1) 'a reasonable probability' that [the Supreme Court] would grant certiorari, (2) 'a fair prospect' that the [Supreme Court would] then reverse the decision below, and (3) 'a likelihood that irreparable harm [would] result from the denial of a stay.'" *Maryland v. King*, 133 S.Ct. 1, 2 (2012) (Roberts, C.J., in chambers).

Chief Justice Roberts, as the justice assigned to this circuit, had the authority, acting alone, to issue such a stay for a reasonable time. 28 U.S.C. § 2101(f). However, he referred Governor McDonnell's application to the entire

4

Court, which then granted the stay without noted dissent. Order, *McDonnell v. United States*, August 31, 2015 (No. 15A218). Thus, by its ruling, the Supreme Court has signaled that there is at least a reasonable probability that it will review Governor McDonnell's case.

The Order granting the stay, by its terms, remains in effect until either (a) the Petition for Certiorari is denied, or (b) if granted, until the Supreme Court rules. *Id*. Mrs. McDonnell respectfully suggests that her case could be placed in abeyance for an identical period of time.[3]

**B. If The Supreme Court Grants Certiorari In Governor McDonnell's Case, The Resolution Of Those Issues Will Affect Mrs. McDonnell's Appeal.**

As Mrs. McDonnell noted in the supplemental briefing requested by this Court, her convictions are derivative of her husband's. Suppl. Principal Br. of Defendant-Appellant Maureen G. McDonnell 7, ECF No. 40. The parties stipulated at trial that Mrs. McDonnell was not a public official, VII J.A. 4831, and therefore could not be guilty of public corruption on her own. XI J.A. 7674, 7684. Mrs. McDonnell's appeal therefore encompasses both issues that affect her husband's culpability (and derivatively her own) as well as issues unique to her role as a non-public official and alleged co-conspirator.

---

[3] Counsel requested oral argument in this case, a request that was granted by this Court. The present Motion for an Abeyance is not a request to submit this case on the briefs but is rather a request to postpone further proceedings, including oral argument, until the Supreme Court disposes of the companion case.

5

With regard to the first set of issues, it is obvious that a ruling by the Supreme Court would directly impact Mrs. McDonnell's case. A new trial or reversal would inure to her benefit. On the other hand, an affirmance on the issues addressed in Governor McDonnell's appeal would foreclose any attempt by her to resurrect them.

With regard to the second set of issues, an opinion from the Supreme Court would likely impact them as well, though less directly. Such an opinion would presumably define the precise contour of the "official acts" definition, and that interpretation would impact Mrs. McDonnell's arguments on the vagueness of the federal bribery statutes, as applied to her, and her arguments on whether the healthcare leaders' reception constituted an official act.

Moreover, two of Mrs. McDonnell's unique issues raise important constitutional concerns. It is well settled that courts should not resolve such issues if the same result could be reached on narrower statutory construction grounds. *Jean v. Nelson*, 472 U.S. 848, 854 (1985) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981); *Mobile v. Bolden*, 446 U.S. 55, 60 (1980); *Kolender v. Lawson*, 461 U.S. 352, 361 n.10 (1983)) ("Prior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision."). "[I]f there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that [federal courts] not pass on questions of constitutionality . . .

unless such adjudication is unavoidable." *Jean*, 472 U.S. at 854. This principle also favors abeyance.

A decision on whether to place this case in abeyance is within the sound discretion of this Court, *Rhines v. Webber*, 544 U.S. 269, 276 (2005), and should presumably be governed by docket management, judicial economy, and the unique circumstances of each case. Granting Mrs. McDonnell's request for abeyance would ensure that this Court need only address the issues in her case once, furthering judicial economy. Moreover, an opinion from the Supreme Court in Governor McDonnell's case could obviate altogether a decision on the constitutional issues presented by Mrs. McDonnell's appeal. At the very least, a decision by the Supreme Court "may not settle every [unique] question of the facts and law" pending in Mrs. McDonnell's case, "but in all likelihood it [would] settle many and simplify them all." *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936). Here, the Supreme Court's decision in Governor McDonnell's case could obviate altogether any need to decide the remaining issues in Mrs. McDonnell's appeal. This is enough to justify abeyance so long as the amount of time requested is reasonable and not indeterminate. *Id.* at 256-57.

    **C.    Granting Mrs. McDonnell's Request For Abeyance Would Not Unnecessarily Prolong This Appeal.**

Governor McDonnell's petition to the Supreme Court for a writ of certiorari should be fully briefed by early 2016. The Supreme Court's decision on whether to

grant certiorari will follow shortly thereafter. If the Supreme Court denies certiorari, the requested abeyance would terminate, resulting in a delay in this case by only a few months. If, on the other hand, the Supreme Court grants certiorari, the abeyance would terminate after the Supreme Court's final judgment in the companion case. If the Supreme Court rules in favor of Governor McDonnell, this appeal might be obviated. If the Supreme Court rules against Governor McDonnell, this Court could consider the unique issues remaining in Mrs. McDonnell's appeal shortly thereafter. Either way, with the issues fully briefed, the resolution of Mrs. McDonnell's appeal could follow closely on the heels of any decision by the Supreme Court.

## CONCLUSION

This Court should exercise its discretion to place the instant case in abeyance pending the Supreme Court's disposition of Governor McDonnell's companion case. Doing so would ensure consistent results and would further judicial economy. It would ensure that this Court need only consider the unique issues raised in Mrs. McDonnell's appeal one time. Given these factors, and the relatively short delay that would be engendered by placing this case in abeyance, Appellant respectfully requests that this Court exercise its discretion to do so.

Dated: October 7, 2015        Respectfully submitted,

/s/ Randy D. Singer_____
Randy D. Singer
Rosalyn K. Singer
Kevin A. Hoffman
SINGER LEGAL GROUP LLC
1209A Laskin Road
Virginia Beach, VA 23451
Telephone: (757) 301-9995
Facsimile: (757) 233-1084
rsinger@singerlegal.net

William A. Burck
  *Counsel of Record*
Stephen M. Hauss
Daniel R. Koffmann
QUINN EMANUEL URQUHART & SULLIVAN LLP
777 6th Street NW, 11th Floor
Washington, D.C. 20001
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
williamburck@quinnemanuel.com

*Counsel for Maureen G. McDonnell*

# CERTIFICATE OF SERVICE

I, Randy D. Singer, certify that I caused the foregoing to be served on counsel of record for all parties through the CM/ECF system on October 7, 2015.

    /s/ *Randy D. Singer*
Randy D. Singer
SINGER LEGAL GROUP LLC
1209A Laskin Road
Virginia Beach, VA 23451
Telephone: (757) 301-9995
Facsimile: (757) 233-1084
rsinger@singerlegal.net